UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONTRELL AMACKER** | **CIVIL ACTION** |
| **VERSUS** | **NO.   20-2895** |
| **TERREBONNE PARISH SHERIFF'S DEPT., TPCJC MEDICAL STAFF, TERREBONNE PARISH CONSOLIDATE GOVERNMENT, ET AL** | **SECTION "L" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   Factual and Procedural Background

The plaintiff, Dontrell Amacker ("Amacker"), was an inmate housed in the Terrebonne Parish Criminal Justice Complex ("TPCJC") at the time of the filing of this *pro se* and *in forma* Complaint. He named the Terrebonne Parish Sheriff's Department, TPCJC Medical Staff, Terrebonne Parish Consolidated Government ("TPCG"), as defendants.

Amacker alleges in the complaint that the conditions of his confinement during the COVID-19 pandemic have placed his life at risk because he has been in direct contact with people who have contracted the virus. He complains that there is no social distancing and that there are ongoing conditions and complications in the facility and the prison officials refused to release any inmate due to the risk of virus exposure. Amacker complains that he has nightmares about contracting the virus, although he has not despite being exposed. According to Amacker, "BLACK LIVES MATTER".

Amacker therefore seeks release from bond, medical expenses for his present exposure to COVID-19 and future exposure as well as compensation for the emotional distress he has experienced. Amacker filed a grievance and was advised by the prison officials that judges were aware of the COVID-19 virus and that they were the only ones with the authority to release an offender. Amacker was also advised in the response to the grievance that TPCJC currently had no covid cases and that he too was tested and tested negative. Amacker was released from TPCJC on January 14, 2021 and left no forwarding address.

**II.** **Standard of Review for Frivolousness**

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.     No Basis for Liability

#### A.     Terrebonne Parish Consolidated Government

Amacker asserts that the conditions of his confinement at Terrebonne Parish Consolidated Government ("TPCG") were inadequate and failed to provide him protection from the COVID-19 virus. He complains that he had nightmares and has been repeatedly exposed to the virus because of the lack of social distancing in the prison. He sought release from the prison even though he tested negative for the virus.

As to the claims against the Terrebonne Parish Consolidated Government, it must be noted that the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

*Spiller v. City of Texas City, Police Department,* 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted; emphasis added). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Texas*, 981 F.2d 237, 245 (5th Cir. 1993); see also *Wetzel v. Penzato*, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., *Murray v. Town of Mansura*, 76 Fed. Appx. 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 Fed. Appx. 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom of the Terrebonne Parish Consolidated Government, much less identify such a policy or custom. Accordingly, he has failed to state a proper claim against that defendant, and the claim against the Terrebonne Parish Consolidated Government should therefore be dismissed.

3

    **B**.    **TPCJC Medical Staff**

Likewise, Plaintiff's effort to pursue a claim against the "TPCJC Medical Staff" as a defendant is improper. See *Carter v. Strain*, No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009) (citing *August v. Gusman,* No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Banks v. United States,* No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007)); *Allen v. Gusman*, No. 05-1633, 2006 WL 286007, at *3 n.8 (E.D. La. Feb. 2, 2006) ("Medical Staff" is not a juridical entity capable of being sued; the specific medical personnel must be named).

    **C.**    **Terrebonne Parish Sheriff's Department**

Finally, Amacker names the Terrebonne Parish Sheriff's Office as a party. The Terrebonne Parish Sheriff's Office is not a proper defendant because it lacks capacity to sue or be sued as required by Rule 17(b) of the Federal Rules of Civil Procedure and state law. An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). In Louisiana, Parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. 1988). The State of Louisiana grants no such legal status to any Parish Sheriff's Office. *Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Department*, 350 So.2d 236. 238-39 (La. App. 3d Cir.), *writ refused*, 352 So.2d 235 (La. 1977). Thus, the Terrebonne Parish Sheriff's Office is not a juridical person capable of being sued under § 1983. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir.2002) ("[A] sheriff's office is not a legal entity capable of being sued...."); *see also Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D.La.2001); *Ruggiero*, 700 F. Supp. at 865 (M.D. La. 1988). Therefore, the claim against Terrebonne Parish Sheriff's Office should be dismissed.

**IV.**    **Recommendation**

It is therefore **RECOMMENDED** that Dontrell Amacker's § 1983 claims against the Terrebonne Parish Sheriffs Dept., TPCJC Medical Staff, Terrebonne Parish Consolidated Government be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 18th day of March 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.